EDWARD PRINCE

v.

THE CITY OF QUINCY.

*Filed at Springfield January 29, 1883.*

MUNICIPAL INDEBTEDNESS—*constitutional limitation.* A city having an indebtedness in the aggregate exceeding five per cent on the value of taxable property therein, while it so remains indebted is powerless to create any debt at all, even for its ordinary or current expenses, and no contract of any municipality so situated, for the payment of money, can be enforced.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Adams county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

Messrs. MARSH & McFADON, for the appellant:

It being held that this constitutional prohibition against incurring of municipal indebtedness does not apply to torts, makes it apparent that a city may become indebted notwithstanding such provision, and that it can not be accepted in its ordinary signification, without any qualification whatever, and that some construction becomes necessary. *City of Bloomington* v. *Perdue,* 99 Ill. 329; *Bartle* v. *Des Moines,* 38 Iowa, 414.

The term "indebtedness" in the clause of the constitution does not include or apply to contracts which relate to the ordinary current expenses of a city, for they are payable out of the current revenues, but only to such contracts as, by their own direct and immediate operation and effect, add to the permanent debt of the city. *Dively* v. *Cedar Falls,* 27 Iowa, 233; *Grant* v. *Davenport,* 36 id. 396; *East St. Louis* v. *East St. Louis Gas Co.* 98 Ill. 430.

This clause in the constitution having been taken from the constitution of Iowa, its construction by the Iowa Supreme Court is adopted. *Attorney General* v. *Brunst,* 3 Wis. 787; *People* v. *Coleman,* 4 Cal. 50; Cooley's Const. Lim. 52.

An additional provision of the constitution, section 12, article 9, shows that only an indebtedness bearing interest, and capable of extinction at the end of twenty years, is intended by the term "indebtedness." The foregoing views in relation to that term find support in the following cases: *State* v. *McCauley*, 15 Cal. 430; *Hoppikus* v. *State Commissioners*, 16 id. 249; *People* v. *Pacheo*, 27 id. 207; *Grant* v. *Davenport*, 36 Iowa, 396.

Messrs. SIBLEY, CARTER & GOVERT, and Mr. CARL E. EPLER, City Attorney, for the appellee, upon the principal question involved in this decision referred to their respective briefs presented in the case of *Prince* v. *City of Quincy, ante,* p. 138.

Per CURIAM: The conclusion reached in the case of *Prince* v. *City of Quincy, (ante,* p. 138,) must govern this case. The facts in both cases are substantially the same, and are fully set forth in that case, hence there is no necessity of repeating them here. The appellant sought there, as he seeks here, to recover an alleged indebtedness from the city to himself, on a special contract running for a period of thirty years, made with him by the city council on behalf of the city, in and by which the appellant agreed to furnish the city with water during the period covered by the contract, at certain terms therein specified, and which the city agreed to take and pay for at the stipulated prices. The defence in this case, as it was in that, is, that at the time of making the contract in question the city of Quincy was, and from thence to the time of the commencment of the suit had been, indebted in an amount exceeding the constitutional limitation, which forbids any city or other municipality from becoming "indebted, in any manner or for any purpose, to an amount, including existing indebtedness, in the aggregate exceeding five per centum on the value of the taxable property therein."

To this defence, which is conceded to be true, it is replied in substance that the indebtedness sued for was incurred and

made by the city authorities in providing for the ordinary or current expenses of the city government. The conclusive rejoinder to this position is, that the city authorities, when brought within this provision of the constitution, are just as powerless to create a debt on account of ordinary or current expenses as they are on account of anything else. When once brought within the provision they have no power to create a debt *at all*, and this is expressly decided in the case of *City of Springfield* v. *Edwards*, 84 Ill. 626. It was there said, in discussing this very question: "And since the purpose of the debt is expressly excluded from consideration, *it can make no difference whether the debt be for necessary current expenses, or for something else.*" This can no longer be regarded as an open question.

Other questions have been very ably discussed by counsel, but inasmuch as this constitutional question is conclusive of the case, it would be useless to consider them, and we therefore decline doing so.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. Chief Justice Scott dissenting.